<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    :
ROBOTIC PARKING SYSTEMS INC.        :
and ROBOTIC SERVICE                       :
ORGANIZATION LLC,                          :
                                                    :
          Plaintiffs,                              :          Civil Action No. 06-3419 (SRC)
                                                    :
                    v.                              :
                                                    :          **OPINION & ORDER**
CITY OF HOBOKEN, et al.                   :
                                                    :
          Defendants.                            :
_____:

<u>**CHESLER**</u>, **U.S.D.J.**

This matter comes before the Court on the appeal by Intervenor Unitronics (1989)(R"G)

Ltd. ("Unitronics") of the Order by Magistrate Judge Shipp issued on January 19, 2010 (the

"Order"). In this Order, Magistrate Judge Shipp granted in part and denied in part Unitronics'

motion for a protective order. Presently before the Court are the appeal of the Order filed by

Unitronics, the cross-appeal filed by Plaintiff Robotic Parking Systems, Inc. ("Robotic"), and the

motion to dismiss the appeal filed by Robotic. For the reasons stated below, all of these

applications will be denied, and the Order will be affirmed.

Unitronics contends that this Court reviews the Order under a "clearly erroneous"

standard, pursuant to L. CIV. R. 72.1(c)(1)(A). As Plaintiff observes, under this district's case

law, district courts, when reviewing decisions about discovery disputes, apply the deferential

"abuse of discretion" standard: "Where a magistrate judge is authorized to exercise his or her

discretion, the decision will be reversed only for an abuse of that discretion." <u>Cooper</u>

Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).  See also Arnold v. Pennsylvania, 477 F.3d 105, 107 (3d Cir. 2007) (grant of a protective order reviewed for abuse of discretion).  In ruling on the dispute over whether to grant a protective order, Magistrate Judge Shipp was authorized to exercise his discretion.  This Court reviews the Order for an abuse of discretion.  Unitronics has not shown that Magistrate Judge Shipp erred under either standard.

As to the matter of the protective Order, Unitronics contends that Magistrate Judge Shipp erred in two ways:1) he failed to apply the correct burden-shifting approach to the inquiry; and 2) he ignored the Federal Rules of Evidence.[1]

As to the first error alleged, Unitronics asserts that the Third Circuit established a burden-shifting approach to the protective order inquiry in Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  According to Unitronics, Pansy sets forth a two-step process.  (Uni.'s Br. 5.)  First, a party resisting discovery of trade secrets must show that the requested information is a trade secret, and that its disclosure might be harmful.  Once that party has done so, the burden shifts to the party seeking disclosure to show that disclosure is relevant and necessary.

Unitronics has misstated Pansy, which does not set forth such a two-step process.  It is true that Wright & Miller do set forth the two-step process asserted by Unitronics.  8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 3d § 2043 (3d ed. 2010).  It is also true that this two-step process is stated by the district court in Opperman v. Allstate New Jersey Ins. Co., 2008 WL 5071044 at *3 (D.N.J. Nov. 24, 2008).  These citations do not, however, correctly represent the law of the Third Circuit, as stated in Pansy, and as restated more recently in Shingara.

---

[1] Unitronics did not develop this argument in its brief.

2

In <u>Shingara</u>, the Third Circuit summarized the law regarding the grant of a protective order pursuant to Rule 26(c).  <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005).  The cornerstone of the inquiry is the good cause standard established by Rule 26(c).  <u>Id.</u>  The Court explained:

> In <u>Pansy</u> we explained that there is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient to establish good cause.  We also stated that the party seeking protection has the burden of showing that there is good cause for it.  We directed the district court to determine whether there is good cause by balancing the interests of the public and the parties and further indicated that the court should explain the reasoning behind its balancing conclusion.
>
> We discussed several balancing factors in <u>Pansy</u>, though we stated that those factors are not exhaustive.  In particular, in <u>Pansy</u> and in a later decision, <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476 (3d Cir. 1995), we listed seven factors that a court should consider in determining whether to grant a protective order.  Those factors are:
>
> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

420 F.3d at 306.  This does not state a burden-shifting approach to the inquiry.  Rather, the burden rests only on the party seeking protection to show that there is good cause for it.  The

Court determines whether good cause exists by conducting a balancing analysis.  Unitronics'

assertion that the Third Circuit adopted a burden-shifting approach in Pansy or in subsequent

cases is incorrect.

The Third Circuit's approach is highlighted by the Pansy Court's reference to the article

by Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105

Harv. L. Rev. 427, 432-33 (1991), particularly this quote:

> The court . . . must balance the requesting party's need for information against the
> injury that might result if uncontrolled disclosure is compelled. When the risk of
> harm to the owner of [a] trade secret or confidential information outweighs the
> need for discovery, disclosure [through discovery] cannot be compelled, but this is
> an infrequent result.
>
> Once the court determines that the discovery policies require that the materials be
> disclosed, the issue becomes whether they should "be disclosed only in a
> designated way," as authorized by the last clause of Rule 26(c)(7) . . . . Whether
> this disclosure will be limited depends on a judicial balancing of the harm to the
> party seeking protection (or third persons) and the importance of disclosure to the
> public. Courts also have a great deal of flexibility in crafting the contents of
> protective orders to minimize the negative consequences of disclosure and serve
> the public interest simultaneously.

Pansy, 23 F.3d at 787 (quoting the Miller article; emphasis added).

Unitronics' argument on appeal is that, under Pansy, the burden of proof shifted to

Robotic, that Robotic did not meet its burden, and that Judge Shipp erred by failing to follow

these steps.  Having erred in its statement of the law, Unitronics is left with no argument on

appeal.  Under Third Circuit law, the burden never shifted from Unitronics to Robotic.

Magistrate Judge Shipp did not err by not shifting the burden from Unitronics to Robotic.

Unitronics makes no argument about the balancing analysis performed by Magistrate Judge

Shipp, and so its correctness has not been placed before this Court for review.

4

Unitronics also appeals Magistrate Judge Shipp's denial of its request for attorneys' fees.

Rule 37(a) states, in relevant part:

> (5) Payment of Expenses; Protective Orders.
>    (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>       (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>       (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>       (iii) other circumstances make an award of expenses unjust.
> . . .
>    (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Unitronics contends that, if a motion for a protective order is granted, pursuant to Rule 37(a)(5)(a), the Court must require the party whose conduct necessitated the motion, or the attorney who advised that conduct, or both, to pay the movant's reasonable expenses.  This is correct as far as it goes – which is not far enough, for two reasons.  First, Rule 37(a)(5) has three options: one for the situation in which the motion is granted, one for when the motion is denied, and one for when the motion is granted in part and denied in part.  Unitronics has cited the wrong section: the motion was not simply granted (making subsection (A) applicable), but was granted in part and denied in part (making subsection (C) applicable).  Moreover, even if subsection (A) were applicable, as is clear from the quotation above, Unitronics has omitted the entire second half of this provision, which states the circumstances under which the Court must not order such

a payment.  Magistrate Judge Shipp properly applied subsection (C), which entrusts the decision

to the Court's discretion.  Magistrate Judge Shipp concluded, in essence, that both sides were

justified in their respective positions regarding the motion, and therefore declined to award any

expenses.  This Court finds no basis to conclude that Magistrate Judge Shipp abused his

discretion.

Robotic filed a cross-appeal of Magistrate Judge Shipp's decision not to award fees and

costs.  Robotic's brief does not contend, no less articulate an argument that would lead this Court

to conclude, that Magistrate Judge Shipp abused his discretion in his decision not to award fees

and costs to Robotic.  Rather, Robotic labels Unitronics' conduct as frivolous, but does not

explain why this Court should find that Magistrate Judge Shipp erred in concluding otherwise.

Again, this Court finds no basis to conclude that Magistrate Judge Shipp abused his discretion.

Lastly, Robotic moved to dismiss Unitronics' appeal for failure to file a notice of appeal,

as required by L. Civ. R. 72.1(c).  This Court is unmoved by this hypertechnical nitpicking and

relies on its authority under Rule 61 to ignore this defect, as it does not affect the substantial

rights of the parties.  Robotic's motion to dismiss the appeal will be denied.

For the reasons stated above,

**IT IS** on this 23rd day of March, 2010

**ORDERED** that Unitronics' appeal of Magistrate Judge Shipp's Order issued on January

19, 2010 (Docket Entry No. 153) is **DENIED**; and it is further

**ORDERED** that Robotic's motion to dismiss the appeal (Docket Entry No. 158) is

**DENIED**; and it is further

**ORDERED** that Robotic's cross-appeal of Magistrate Judge Shipp's Order issued on

January 19, 2010 (Docket Entry No. 162) is **DENIED**; and it is further

    **ORDERED** that  Magistrate Judge Shipp's Order issued on January 19, 2010 is hereby

**AFFIRMED**.

                     s/ Stanley R. Chesler
                    Stanley R. Chesler, U.S.D.J.