**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

LETTER OPINION AND ORDER

October 8, 2010

**VIA CM/ECF**
All counsel of record

  Re: Robotic Parking Systems, Inc., et al. v. City of Hoboken, et al.
    Civil Action No. 06-3419 (SRC)(MAS)

Dear Counsel:

  This matter comes before the Court by way of Defendants City of Hoboken, John Corea and David Roberts's ("Defendants") motion to dismiss. (Docket Entry Number ("Doc. No.") 167 ("Defs.' Moving Br.").) Plaintiffs Robotic Parking Systems, Inc. and Robotic Service Organization, LLC ("Plaintiffs" or "Robotic") oppose Defendants' motion and cross-move for attorney's fees and costs. (Doc. No. 158 ("Pls.' Opp'n Br.").)

  For the reasons expressed below, Defendants' motion to dismiss is denied without prejudice. Plaintiffs' cross-motion for attorney's fees and costs is also denied without prejudice.

**I. SUMMARY OF FACTS**

  All parties are well-versed in the underlying facts and, as such, the Court will address only those facts relevant to the instant motion. This matter involves allegations of copyright infringement, breach of contract, tortious interference and defamation. (Doc. No. 97.) Defendants filed counterclaims asserting negligence, breach of contract and the implied covenant

of good faith and fair dealing, violations of the Consumer Fraud Act and Uniform Commercial Code and negligent misrepresentation. (Doc. No. 123.)

On January 15, 2010, the Court held that the deposition of Plaintiffs' principal, Gerhard Haag ("Mr. Haag"), was to be conducted and completed by February 22, 2010. (Doc. No. 147.) According to Defendants, Plaintiffs failed to produce Mr. Haag by the court-imposed date, despite several attempts by Defendants to schedule same, which includes:

(i) serving a Notice of Deposition on November 13, 2009 to schedule the deposition for November 25, 2009. Plaintiffs cancelled the deposition the day before it was scheduled to occur and, thus, Mr. Haag failed to appear;

(ii) requesting on November 30, 2009, December 22, 2009 and January 4, 2010 that the Court order that the deposition take place by a certain date or that Plaintiffs provide dates to comply with the February 22, 2010 deadline;

(iii) requesting dates from Plaintiffs during a conference before the Court on December 1, 2009 and via various correspondence or otherwise on December 18, 2009, January 25, 2010 and February 12, 2010; and

(iv) scheduling the deposition for February 9, 2010, which Plaintiffs' counsel did not object to and which was confirmed with Plaintiffs' counsel on January 28, 2010. "Plaintiffs abruptly cancelled the deposition" the day before because Mr. Haag was not in the country. Mr. Haag failed to appear at the deposition and Plaintiffs' counsel advised Defendants that a proposed date would be forthcoming.

(Defs.' Moving Br. 10-12.) Thus, Defendants take the position that they have made a good faith effort to schedule the deposition of Mr. Haag, a necessary witness for both Plaintiffs and Defendants. (*Id.* at 12-13.) Defendants request that this Court dismiss Plaintiffs' complaint for failure to produce Mr. Haag and for failure to abide by this Court's Order. (*Id.* at 13.) Defendants further request that the Court suppress Plaintiffs' answer to Defendants' counterclaims. (*Id.*)

Plaintiffs, on the other hand, argue that dismissal is not warranted, because Mr. Haag is not a central witness and, in fact, "he was not even named by Robotic as a witness in its Rule 26

disclosures. He is irrelevant to defendants' defenses or their counterclaims. Respectfully, there is no legitimate litigation reason to seek his deposition – and his deposition only." (Pls.' Opp'n Br. 1.) Plaintiffs explain that Mr. Haag was unable to appear for a deposition because he "has been detained in Dubai and has been unable to travel to the United States, a fact which evidence shows was known to defendants well prior to the discovery cutoff." (*Id.* at 2.) In February 2010, a Dubai court impounded Mr. Haag's passport due to a civil dispute that arose over commercial matters. (*Id.*) While appearing at the Dubai court, Mr. Haag was subsequently detained by the neighboring Emirate of Sharjah. (*Id.* at 3.) As explained by Plaintiffs,

> The courts in Sharjah are not civil law, but religious law using the Sharjah code. The same adverse party as in Dubai had started another action in Sharjah, in order to utilize the religious law there. The Court in Sharjah sought to hold Mr. Haag's passport as well – however, as the Dubai Court was already holding this passport, he could not tender his passport to the Sharjah Court. Therefore, in lieu of his passport, the Court in Sharjah has physically held Mr. Haag since then. . . . [and Mr. Haag was] unable to leave.

(*Id.*)

After being seized and sent to Sharjah, Plaintiffs did not know the whereabouts of Mr. Haag and were unable to get in contact with him until February 23, 2010. (*Id.*) On May 21, 2010, Plaintiffs subsequently submitted a letter to this Court indicating that Mr. Haag had "been released from confinement in Sharjah, and has been able to return to Dubai. However, he . . . [had] not recovered his passport as of yet." (Doc. No. 181.) Plaintiffs recently confirmed that "Mr. Haag still does not have the ability to travel because his passport continues to be held by authorities in the United Arab Emirates." (Doc. No. 195.) However, Plaintiffs are willing and able to make Mr. Haag available for a video or teleconference deposition, which they have offered to Defendants in writing in two separate e-mail messages. (*Id.*) According to Plaintiffs, Defendants have failed to respond to their invitation to conduct the deposition remotely. (*Id.*)

Moreover, regarding the scheduling of the deposition, Plaintiffs remind this Court that Defendants failed several times to produce several deponents, which eventually required Court intervention. (Pls.' Opp'n Br. 4-6.) Defendants did not serve notice of Mr. Haag's deposition until November 13, 2009 and, despite knowing that Mr. Haag was in Dubai and would require time to make travel arrangements, scheduled the deposition for November 25, 2009, "just 12 calendar days later, and only 8 business days later, and on the Wednesday before Thanksgiving." (*Id.* at 6.) Plaintiffs assert that this type of conduct was used throughout all attempts to schedule the deposition and that Defendants used "gamesmanship" by refusing to schedule noticed depositions served by Plaintiffs until Mr. Haag's deposition was conducted. (*Id.* at 6-8.)

In responding to Plaintiffs' most recent letter, Defendants take the position that a remote deposition, whether by video or telephone, would be prejudicial. (Doc. No. 196.) As an initial matter, Defendants note that they are unaware of any United Arab Emeriti law or regulation that requires the confiscation of a passport by government officials, nor have Plaintiffs provided any objective evidence to support same. (*Id.* at 1.) Regardless, according to Defendants, a telephone or video deposition would disadvantage the parties. (*Id.* at 2.) For instance, over 10,000 pages of documents have been exchanged and "[w]ithout the ability to quickly and freely refer to any document within the document production in this matter will prejudice our ability to depose Mr. Haag." (*Id.*) Defendants assert:

> Mr. Haag is the witness for Plaintiffs in this matter. He is the principal of Robotic Parking Systems, Inc. He is the person with knowledge of the negotiations for the government contract with Hoboken. He is the person with the sole knowledge of the operations and ultimately Plaintiffs' failure to not only live by its representations to Hoboken but to properly operate the automated parking system at the Garden Street Garage. As such, Mr. Haag is the essential witness in this case.

(*Id.* at 3.)

4

II.     **LEGAL STANDARD & ANALYSIS**

A court may dismiss an action, strike pleadings in whole or in part, hold a party in contempt and issue other sanctions against a party who has failed to comply with a discovery order and/or who has failed to attend a properly noticed deposition. Fed. R. Civ. P. 37(b)(2)(A), (d). In lieu of or in addition to any such orders, the court must also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 37(b)(2)(C), (d)(3).

However, "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court." *Bosch Rexroth, S.P.A. v. Taylor's Int'l, LLC*, No. 06-2118, 2008 WL 2224818, at *2 (D.N.J. May 27, 2008) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984)). Thus, in determining the appropriateness of sanctions, the Court must examine and balance the following factors: (1) the extent of the party's personal responsibility for any failure to meet scheduling orders and/or respond to discovery; (2) the prejudice to the adversary caused by any such failure; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions available in the dispute; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Notably, the purpose of Rule 37 sanctions is to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and/or (4) compel discovery and disclosure. *Wachtel v. Health Net, Inc.*, No. 03-1801, 2006 WL 3538935, at *20 (D.N.J. Dec. 6, 2006) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

5

Here, this Court finds that Defendants are correct in arguing that Plaintiffs violated this Court's explicit instructions that Mr. Haag's deposition be completed by a certain date. (Defs.' Moving Br. 14-16.) However, dismissal based on Rule 37 or for failure to appear at a court-ordered and properly noticed deposition is not appropriate at this juncture under the *Poulis* factors or otherwise. While perhaps the deposition should have been conducted earlier or in a more timely fashion, which may have avoided the special circumstances we now face with Mr. Haag's deposition, this Court finds that Plaintiffs' failure to produce Mr. Haag for his deposition was not willful or otherwise done in bad faith. Moreover, there is no reason to believe that Plaintiff's representation of Mr. Haag's current disposition in Dubai is false or misleading. Thus, under the current circumstances, while the Court does not condone a party's failure to comply with Court orders or to otherwise more timely object to a scheduled deposition, the Court nonetheless finds that dismissal would be an extreme sanction that is not warranted.

For instance, Defendants' assertion that Plaintiffs' history of dilatoriness for failure to comply with discovery deadlines is one-sided. (*See id.* at 23-24.) Although the Court finds that Plaintiffs have some history of dilatoriness, the record reflects that the Defendants share in that history. Therefore, this factor does not weigh in favor of any party and certainly not in favor of dismissal. Moreover, the Court disagrees with Defendants' assertion that dismissal is the only form of sanction that will be effective and fair under the current circumstances. (*See id.* at 25-26.) Instead, the Court finds that requiring the deposition to be taken via video conference and extending fact discovery for this very limited purpose will effectively reduce any prejudice that may have otherwise resulted. Finally, regarding the last *Poulis* factor, while the Court is not prepared to state definitively that Plaintiffs' claims are meritorious, the Court finds that Plaintiffs have set forth sufficient facts and arguments to sustain their legal claims.

Accordingly, in lieu of dismissal, this Court shall require that the deposition of Mr. Haag be conducted remotely via video conferencing. As Mr. Haag is a party to this matter in his capacity as the principal of Robotics, Plaintiffs shall be responsible for the costs associated with the additional fees and expenses incurred as a result of having to conduct the deposition by video. Moreover, Plaintiffs shall ensure that Mr. Haag has a copy of all necessary documents for easy access and reference during the deposition. Accordingly, prior to the deposition, Defendants shall provide a list of all documents on which Defendants intend to question Mr. Haag. During the deposition, Mr. Haag shall also have a computer with internet access available, in the event Defendants have documents that were not provided to Mr. Haag or that were not on the list. Considering that the deposition may be delayed at times due to Mr. Haag having to review documents sent electronically and in order to ensure that Defendants are not prejudiced by having to take a video deposition, this Court will permit the deposition to take place for up to ten hours. However, the deposition shall be completed and conducted in one day and in one sitting.

Accordingly, this Court denies without prejudice Defendants' motion to dismiss Plaintiffs' complaint. By permitting the deposition to move forward, the Defendants will not be prejudiced and the conditions implemented by the Court will resolve any argument that Defendants are unable to defend themselves against Plaintiffs' claims. (*See* Defs.' Moving Br. 21-23.) Indeed, due to the pending appeal regarding discovery associated with certain computers, discovery has effectively been stayed and expert discovery has not commenced. (*See* Pls.' Opp'n Br. 26.) Thus, as additional discovery will be forthcoming pending resolution of the appeal, if necessary, Defendants will have additional time to request discovery related to Mr. Haag's deposition. Therefore, Defendants' motion to dismiss is denied without prejudice and the deposition of Mr. Haag shall proceed with the aforementioned conditions in place.

Finally, this Court is denying both Defendants' and Plaintiffs' requests for attorney's fees and costs. As the Court is instructing the deposition of Mr. Haag to move forward and that Plaintiffs shall be responsible for any additional costs incurred as a result of the video deposition, an award of attorney's fees and costs is unwarranted and will not serve any of the Rule 37 purposes. Similarly, the Court will not award sanctions against Defendants for their alleged failure to comply with various discovery orders and dates. (*See id.* at 31-32.) Defendants had a reasonable basis for filing their motion and, as such, the Court denies Plaintiffs' request for sanctions without prejudice.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown, it is

**ORDERED THAT:**

1. Defendants' motion to dismiss is denied without prejudice.

2. Plaintiffs' cross-motion for attorney's fees and costs is denied without prejudice.

3. Defendants shall provide a list of all documents it intends to question Mr. Haag on by **November 8, 2010**.

4. The deposition of Mr. Haag shall be conducted via video conference in Dubai for a period not to exceed ten hours in one day by **December 8, 2010**. Plaintiffs share ensure that Mr. Haag has a hardcopy of all documents listed by Defendants, as well as a computer with internet access during the deposition. All additional costs associated with the deposition of Mr. Haag that would not have been incurred had the deposition taken place in New Jersey shall be Plaintiffs' sole responsibility.

5. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS.**

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE